In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00084-CR
______________________________


FRANK STEVEN KEPA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 27th Judicial District Court
Bell County, Texas
Trial Court No. 56608


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Appellant, Frank Steven Kepa, has filed a motion to dismiss his appeal, and also asks this
Court to immediately issue the mandate. Pursuant to Tex. R. App. P. 18.1 and 42.2, his motion is
granted.
            We dismiss the appeal, and the mandate is hereby issued along with our opinion.
 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          April 25, 2005
Date Decided:             April 26, 2005

Do Not Publish



opy is now also before this Court in the
supplemental record. It states that it is an offer, details proposed punishment, and states that Jackson
was to appear before the trial court June 16, 2009. The punishment assessed by the court is the
punishment specified by the offer.

 The waiver of right of appeal relied on by the trial court in this case is effective only if a plea
agreement exists and was followed by the court. We have examined the clerk's record to determine
whether the trial court's certification is defective. See Dears, 154 S.W.3d at 613. Based on the
record as it has now been supplemented, we find no such defect. It appears a plea agreement existed
and was followed by the trial court. Therefore, this Court lacks jurisdiction over this appeal.





 We dismiss the appeal for want of jurisdiction.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 5, 2010 

Date Decided: January 6, 2010


Do Not Publish

 


1. The trial court assessed Jackson's punishment at one year, probated for two years, and
assessed a $1,200.00 fine.
2. Upon receiving the clerk's record, we observed a number of anomalies. Jackson appears
to be indigent, but was not represented by counsel at trial. We find nothing in the record to explain
how this occurred. The record did show that the State filed a motion to revoke Jackson's community
supervision and that, at a joint hearing on revocation and on his motion for new trial, Jackson was
represented by counsel, Don Cooksey. Between the time of the hearing and the filing of the notice
of appeal, Cooksey surrendered his law license, rendering Jackson again pro se.
3. The trial court states that it conducted an en masse admonishment session with Jackson and
"other defendants that had misdemeanor cases pending." The court recites that it admonished all
defendants of their rights and warned them of the dangers of self-representation.